UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **EDWARD LESLIE**, *on behalf of himself and all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>**SECOND CHANCE ADVOCATE LLC**,<br><br>*Defendant*. | Civil Case No.: 6:24-cv-569<br><br>**COMPLAINT - CLASS ACTION** |

## INTRODUCTION

1. This action arises out of the offensive marketing practices of Defendant, Second Chance Advocate ("Defendant" or "Second Chance") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Second Chance makes, or has made on its behalf, prerecorded telemarketing calls soliciting its payday loan relief services.

3. Second Chance makes these calls to individuals on the National Do-Not-Call Registry.

4. Second Chance makes these calls to individual who have previously requested not to be called and to be added to Second Chance's internal do-not-call list.

5. Accordingly, Plaintiff Edward Leslie ("Plaintiff" or "Mr. Leslie") brings this action on behalf of himself and classes of similarly situated individuals.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7. This Court has jurisdiction over Defendant because Defendant conducts business

transactions in this District and has committed tortious acts in/from this District. Further, Defendant targeted a resident of this District with its illegal calling campaign and knew it was calling into this District because Mr. Leslie's area code (i.e., 254) is associated with Waco, Texas which is located in this District.

8. Venue is proper in this District because some of the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

## PARTIES

9. Plaintiff Edward Leslie ("Mr. Leslie" or "Plaintiff") is, and at all times mentioned herein was, a citizen and resident of Waco, Texas.

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is, and at all times mentioned herein was, a Delaware Limited Liability Company with a principal address at 102 NE 2nd Street, Suite #237, Boca Raton, FL 33432.

12. Defendant may be served via its registered agent, Business Filings Inc., 108 West 13th Street, Wilmington, DE 19801.

13. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## TCPA BACKGROUND

14. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

*Prohibition of Prerecorded or Artificial Voice Calls*

15. Section 227(b) of the TCPA prohibits making *any* call (other than a call made for emergency purposes) to a cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A).

16. A violation of section 227(b) carries statutory damages of $500 to $1,500 per call. *See* 47 U.S.C. § 227(b)(3)(B) and (C).

*National Do-Not-Call Registry*

*National Do-Not-Call Registry and Internal Do-Not-Call List*

17. The TCPA establishes a national "do not call" database of numbers not to be called. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

18. These regulations are codified at 47 C.F.R. §§ 64.1200(c)(1-2).

19. Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

20. A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call through § 227(c) of the TCPA.

21. The TCPA also specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving

telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

22. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

23. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

24. The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

25. However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

26. These regulations are codified at 47 C.F.R. § 64.1200(d)(1)-(7).

27. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. § 64.1200(d) (1, 2, 3, 6).

28. These policies and procedures prohibit a company from making calls for telemarketing purposes[1] unless they have implemented these policies and procedures. 47 C.F.R. §

---

[1] The distinction between the use of "telephone solicitation" in relation to the national do-not-call database and calls for "telemarketing purposes" in relation to the company-specific do-

64.1200(d).

29. Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

30. There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

> [S]ection 227(c)(5)… empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company. In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013)

31. These requirements are separate but cumulative. In other words, a company must comply with both the procedures for the company specific do-not-call list *and* the procedures for complying with the national "do not call" database regulations. A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

32. Though some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones that are used for residential purposes. 47 C.F.R. § 64.1200(e).

---

not-call list is significant. "Telephone solicitation" excludes calls made to a person with whom the company has as established business relationship, 47 CFR 64.1200(f)(14), which can be established by a "voluntary two-way communication". 47 CFR 64.1200(f)(5). But this business relationship can be terminated by a "do not call" request. 47 CFR 64.1200(f)(5)(i). "Telemarketing purposes", on the other hand, includes any calls made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, regardless of any consent or established business relationship. 47 CFR 64.1200(f)(12). In other words, prior to making any telemarketing calls to anyone, regardless of relationship, a company must implement the company-specific do-not-call regulations, but it only need to comply with the national do-not-call registry provisions with respect to persons with whom it does not have an existing established business relationship.

*Vicarious Liability*

33. Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Netowrk, LLC et al. for Declarator Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

34. Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

**FACTUAL ALLEGATIONS**

35. Mr. Leslie is the user of a cellular telephone number ending in 7505.

36. Mr. Leslie's cellular telephone number uses area code (254) which is associated with Waco Texas.

37. Mr. Leslie's cellular telephone number ending in 7505 is used for residential purposes.

38. Mr. Leslie's telephone number ending in 7505 has been on the National Do-Not-Call Registry since November 24, 2018.

39. In approximately April of 2024, Mr. Leslie began receiving marketing calls made by or on behalf of Second Chance soliciting him with pay day loan relief services and products.

40. These calls all came from changing ten-digit numbers.

41. For example, on April 5, 2024, Mr. Leslie received a call from (580) 204-9569 that left the following prerecorded message on his voicemail:

> Hello. This is Anna. Sorry that I missed you. Um, I was just calling to help you fix your pay day loan problem. If you have more payday loans than you can pay back or feel like your payday loans are taking over your life. You may qualify for a loan program that payday loan companies don't want you to know about. Payday loan companies trap you into paying sky high rates. And, we understand that people, sometimes they get more payday loans than they can handle. One or more payday loans is all you need to qualify. We'll help you regain control of your pay day loans and even provide you attorney representation to protect you from pay day lenders and help you get back on track. So, if that sounds like something you're interested in give us a call at 888-599-1096 for a free consultation. And, that way you can find out if this program is right for you. Again, give us a call. 888-599-1096 to put an end to your payday loan problem today. Alright, we'll talk to you soon. Goodbye.

42. Mr. Leslie called 888-599-1096 and was greeted with a prerecorded message that stated, "If you have one or more payday loans you need assistance with press 5 now. To be added to our do not call list please press 9. Thank you."

43. Mr. Leslie pressed 9 in an effort to be added to Defendant's "do not call list."

44. Despite this, Mr. Leslie continued to receive calls from Defendant using changing ten-digit numbers that left an identical message and/or a message that was identical but for a changing 888 number being left.[2]

45. Mr. Leslie received the following calls from the following numbers that each left

---

[2] Defendant used at least the following telephone numbers in its recording: (888) 599-1096, (888) 918-7155; (888) 913-5512; (888) 881-7695.

one of the messages described above:

    a. April 9, 2024 from (407) 537-1058;

    b. April 9, 2024 from (858) 358-1570;

    c. April 10, 2024 from (539) 218-4852;

    d. April 19, 2024 from unknown number;

    e. April 23, 2024 from unknown number;

    f. April 23, 2024 from (580) 204-9569;

    g. May 21, 2024 from (762) 276-8797;

    h. May 22, 2024 from (539) 230-5655;

    i. June 4, 2024 from (943) 219-5823;

    j. June 6, 2024 from (256) 809-0093;

    k. June 12, 2024 from (572) 210-8710;

    l. June 17, 2024 from (762) 654-8718;

    m. June 20, 2024 from (580) 205-0362;

    n. June 25, 2024 from (770) 741-8066;

    o. June 27, 2024 from (762) 253-4609;

    p. July 3, 2024 from (628) 251-1913;

    q. July 8, 2024 from (656) 236-9903;

    r. July 13, 2024 from (678) 335-8753;

    s. August 28, 2024 from unknown number;

    t. September 4, 2024 from unknown number;

    u. September 9, 2024 from unknown number;

    v. September 9, 2024 from (239) 423-9631;

  w. September 13, 2024 from (448) 230-6443; and

  x. October 11, 2024 from unknown number.

46. On another occasion, in an effort to identify the caller, Mr. Leslie called (888) 599-1096, and pressed five and was connected to a representative of Second Chance that attempted to solicit him with Second Chance's products and services.

47. When Mr. Leslie asked this representative for a call back number, she provided 888-899-0622 and provided her extension as 1010.

48. Mr. Leslie did not provide his consent to receive these calls from Defendant.

49. Mr. Leslie requested that Defendant cease calling him.

50. Defendant's records or the records of third parties will reveal all of the calls Defendant made, or had made, to Mr. Leslie.

51. Defendant or those otherwise calling on Defendant's behalf, did not have written do-not-call policies or procedures at the time of the calls to Defendant and the classes defined below. Alternatively, whatever written policies existed either failed to comply with the minimum requirements under the TCPA, 47 C.F.R. § 64.1200(d), or were never properly implemented—including as evidenced by the continued calls to Mr. Leslie after he interacted with Defendant's IVR system.

52. Defendant's violations were negligent.

53. Alternatively, Defendant's violations were willful and knowing.

54. Mr. Leslie and the classes were damaged by the violations alleged herein. Their privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the unwanted calls. The calls were annoying and a nuisance, and wasted the time of Mr. Leslie and

the class members. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

## **DEFENDANT'S LIABILITY**

55. Defendant uses automated systems to make telephone calls, to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not Call Registry.

56. Certain of these calls utilized an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b).

57. For violations of 47 U.S.C. § 227(b), Mr. Leslie is entitled to a minimum of $500 per call. *See* 47 U.S.C. § 227(b)(3)(B).

58. Mr. Leslie is entitled to $1,500 per call if Defendant's actions are found to be knowing or willful. See 47 U.S.C. § 227(b)(3)(C).

59. In addition, Defendant, made two or more telephone solicitations to Mr. Leslie, whose number was on the National Do-Not-Call Registry at the time of the calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

60. Accordingly, for violations of 47 C.F.R. § 64.1200(c), Mr. Leslie is entitled to $500 per call through 47 U.S.C. § 227(c).

61. Mr. Leslie is entitled to an additional $1,500 per call if Defendant's actions are found to be knowing or willful.

62. Defendant also made two or more telemarketing calls to Mr. Leslie after he requested not to receive future calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.6200(d), as Defendant failed to honor Mr. Leslie's do-not-call request.

63. Accordingly, for violations of 47 C.F.R. § 64.1200(d), Mr. Leslie is entitled to an

additional $500 per call through 47 U.S.C. § 227(c).

64. Mr. DeGraw is entitled to an additional $1,500 per call if Defendant's actions are found to be knowing or willful.

## CLASS ACTION ALLEGATIONS

65. Mr. Leslie brings this action under Fed. R. Civ. P. 23 on behalf of three "Classes," defined as follows:

### THE TCPA CLASSES

Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called using an artificial or prerecorded voice message for the same purpose Plaintiff was called.

("Prerecorded Class")

Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls, from four years prior to the filing of the Complaint through class certification.

("Registry Class")

Plaintiff and all persons within the United States whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period, where one of the calls occurred after that person made a do-not-call request to Defendant.

("Internal Do Not Call Class")

(The Prerecorded Class, the Registry Class, the Internal Do Not Call Class, are collectively referred to herein as the "Classes.")

66. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to

whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

67. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

68. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and/or third parties maintain written and electronically stored data showing:

    a. The time period(s) during which Defendant made its calls;

    b. The telephone numbers to which Defendant called;

    c. The telephone numbers for which Defendant had prior express written consent;

    d. The purposes of such calls; and

    e. The names and addresses of Class members.

69. The Classes are comprised of hundreds, if not thousands, of individuals.

70. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

    a. Whether Defendant (or someone acting on its behalf) makes telemarketing calls;

    b. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

    c. Whether Defendant or the entity with which it contracts makes solicitation calls to telephone numbers registered on the National Do-Not-Call Registry;

  d. Whether Defendant had the required policies and procedures prior to making telemarketing calls;

  e. Whether Defendant fails to honor do-not-call requests;

  f. Whether Defendant's statutory violations were willful and knowing; and

  g. Whether Defendant should be enjoined from engaging in such conduct in the future.

71. Plaintiff is a member of the Classes in that Defendant made two or more prerecorded calls for telemarketing purposes, in a one-year period to his telephone number, without his prior express written consent, after he asked Defendant to stop, and while his telephone number was on the National Do-Not-Call Registry.

72. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

73. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

74. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

75. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent him and the Classes.

76. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

77. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

78. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

79. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. §227(b)**
**(On behalf of Plaintiff and the Prerecorded Class)**

80. Mr. Leslie and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

81. Defendant placed, or had placed on its behalf, prerecorded telephone calls to Mr. Leslie's and Class Members' telephone numbers without prior express consent.

82. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b).

83. Defendant has therefore violated 47 U.S.C. § 227(b).

84. As a result of Defendant's unlawful conduct, Mr. Leslie and the Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

85. Mr. Leslie and the Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 277(b)(3).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the Registry Class)

86. Mr. Leslie and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

87. Defendant made, or had made on its behalf, calls constituting telephone solicitations to Mr. Leslie's and putative Registry Class Members' telephone numbers.

88. Mr. Leslie's and putative Registry Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

89. Mr. Leslie and putative Registry Class Members each received two or more such calls in a 12-month period.

90. Mr. Leslie and putative Registry Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

91. Mr. Leslie and putative Registry Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## THIRD CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On behalf of Plaintiff and the Internal Do Not Call Class)

92. Mr. Leslie and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

93. Defendant made numerous calls for telemarketing purposes to Mr. Leslie's and putative Policy Class Members' telephone numbers.

94. Defendant did so after Defendant received a do-not-call request from Mr. Leslie.

95. Defendant did not honor Mr. Leslie's "do not call" request.

96. Defendant did not honor the putative Internal Do Not Call Class Members' do not call requests.

97. Defendant continued to call Mr. Leslie and the putative Internal Do Not Call Class Members for telemarketing purposes.

98. Defendant made two or more telemarketing calls to Mr. Leslie and putative Internal Do Not Call Class Members' telephone numbers in a 12-month period.

99. Mr. Leslie and putative Internal Do Not Call Class Members are entitled to an award of $500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5).

100. Mr. Leslie and putative Internal Do Not Call Class Members are entitled to an award of treble damages in an amount up to $1,500 per telephone call, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages;

F.  An award of reasonable attorneys' fees and costs;

G.  Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

By: */s/ Chris R. Miltenberger*

Chris R. Miltenberger
Texas State Bar Number 14171200

Law Office of Chris R. Miltenberger, PLLC
1360 N. White Chapel Blvd., Suite 200
Southlake, Texas 76092
Tel: (817) 416-5060
Fax: (817) 416-5062
chris@crmlawpractice.com

-and-

Max S. Morgan, Esquire
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
*Counsel for Plaintiff*